IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | * | |
| Plaintiff, | * | |
| v. | * | Case No.: WDQ-14-2047 |
| PANANA, LLC t/a BLUE MARLYN BAR, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPORT AND RECOMMENDATIONS**

This Report and Recommendations addresses the Motion for Default Judgment filed by Plaintiff, J&J Sports Productions, Inc. ("J&J") against Defendant, Panana, LLC t/a Blue Marlyn Bar. [ECF No. 8]. Defendant did not file an opposition, and its deadline has now passed. *See* Loc. R. 105.2.a. On September 17, 2014, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to me to review J&J's Motion and to make recommendations concerning damages. [ECF No. 9]. I have reviewed J&J's Motion and accompanying attachments. No hearing is deemed necessary. Local Rule 105.6 (D. Md. 2014). For the reasons discussed below, I respectfully recommend that J&J's Motion for Default Judgment be GRANTED in part and DENIED in part, and that damages be awarded as set forth herein.

**I.    BACKGROUND**

J&J, a commercial distributor of sports programming, filed its Complaint on June 25, 2014, alleging that Defendant violated 47 U.S.C. §§ 605 and 553,[1] and committed the tort of

---
[1] Section 605 governs the unauthorized publication or use of wire or radio communications. Section 553 governs the unauthorized reception of cable service.

1

conversion, by displaying a televised boxing match ("the Program") at Blue Marlyn Bar without obtaining licensing rights from J&J. [ECF No. 1]. Defendant was served with the Summons and Complaint on June 30, 2014. [ECF No. 5]. Defendant did not file an answer or responsive pleading within the requisite time period. *See* Fed. R. Civ. P. 12(a). On August 15, 2014, J&J moved for an entry of default, which the Clerk entered on August 18, 2014. [ECF Nos. 6, 7]. J&J now moves this Court for an entry of default judgment, and seeks $100,000 in damages under 47 U.S.C. § 605, $50,000 in damages under 47 U.S.C. § 553, and $1,500 in damages for conversion, as well as attorneys' fees. [ECF No. 8].

## II.     STANDARD FOR DEFAULT JUDGMENT

In reviewing Plaintiff's Motion for Default Judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). It, however, remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. *Id.* at 780–81; *see also* 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court determines that liability is established, it must then determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780–81. The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). The court may also make a determination of damages without a hearing so long as there is an

adequate evidentiary basis in the record for an award. *See Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) ("The court need not make this determination [of damages] through a hearing, however. Rather, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum."); *see also Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, Civil No. ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011) (determining that, in a case of default judgment against an employer, "the Court may award damages without a hearing if the record supports the damages requested"); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, Civ. No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment where plaintiff submitted affidavits and electronic records establishing the amount of damages sought); *JTH Tax, Inc. v. Smith*, Civil No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) ("If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing.").

In sum, the court must (1) determine whether the unchallenged facts in Plaintiff's Complaint constitute a legitimate cause of action, and, if they do, (2) make an independent determination regarding the appropriate amount of damages and the appropriate injunctive relief.

### III.   DISCUSSION

Although J&J seeks recovery under two statutes, 47 U.S.C. § 605 and 47 U.S.C. § 553, courts in this district consistently have held that a plaintiff cannot recover under both statutes for the same conduct. *See, e.g.*, *J&J Sports Prods., Inc. v. Sabor Latino Rest., Inc.*, Civil No. PJM-13-3515, 2014 WL 2964477, at *2 (D. Md. June 27, 2014); *J&J Sports Prods., Inc. v. Royster*, No. RWT-11-CV-1597, 2014 WL 992779, at *2–3 (D. Md. Mar. 13, 2014); *J&J Sports Prods.,*

*Inc. v. Castro Corp.*, Civil No. DKC-11-1599, 2012 WL 1883764, at *2 (D. Md. May 21, 2012); *J&J Sports Prods., Inc. v. Quattrocche*, No. WMN-09-CV-3420, 2010 WL 2302353, at *1 (D. Md. June 7, 2010). Generally, courts have allowed for recovery only under § 605 since it provides for the greater amount. *Id.* In addition, courts have precluded recovery under conversion claims in conjunction with the statutory violation, as it would result in double-recovery. *Id.* Accordingly, analysis of liability and damages under only 47 U.S.C. § 605 is most appropriate.

### A.  Defendant's Liability

Defendant's liability under 47 U.S.C. § 605 is readily established in this case. To prove a violation of this statute, J&J must show that Defendant received and published the Program without authorization. *See* 47 U.S.C. § 605(a). J&J provided a license agreement showing that it had exclusive exhibition rights to live broadcast the Program shown on May 5, 2012. [ECF No. 8–5]. J&J also provided an investigator's affidavit stating that Defendant displayed the Program at Blue Marlyn Bar on May 5, 2012. [ECF No. 8–3]. J&J did not authorize Defendant to broadcast the Program. [ECF Nos. 1, 8]. Thus, taking as true the well-pleaded allegations in the Complaint, J&J has established a legitimate cause of action under 47 U.S.C. § 605.

### B.  Damages

J&J requests to recover the maximum amount of enhanced statutory damages, $100,000, for Defendant's violation of 47 U.S.C. § 605. [ECF No. 8]. I recommend that J&J be awarded statutory damages in the amount of $2,200, and enhanced damages in the amount of $6,600, for a total damages award of $8,800.

> **1.  I recommend that Plaintiff be awarded statutory damages in the amount of $2,200.**

Under 47 U.S.C. § 605(e)(3)(C)(i)(II), a plaintiff is entitled to an award of statutory damages between $1,000 and $10,000, "as the court considers just," for each violation. In support of its claim for statutory damages, J&J attached the affidavit of Oswaldo Garcia, a private investigator who observed the Program on four televisions in Blue Marlyn Bar on May 5, 2012. [ECF No. 8–3]. Mr. Garcia was not charged an entrance fee, remained in the bar for approximately 22 minutes, and counted 27 patrons inside. *Id.* J&J also provided a rate card indicating that the sublicense fee for broadcasting the Program at Blue Marlyn Bar would have been $2,200. [ECF No. 8–4]. Requiring Defendant to pay that sublicense fee is just. Other courts in this district have found the same. *See, e.g.*, *Sabor Latino Rest.*, 2014 WL 2964477, at *3; *J&J Sports Prods., Inc. v. Mumford*, Civil No. DKC-10-2967, 2012 WL 6093897, at *2–3 (D. Md. Dec. 6, 2012); *J&J Sports Prods., Inc. v. Greene*, Civil No. DKC-10-0105, 2010 WL 2696672, at *3–5 (D. Md. July 6, 2010). Accordingly, I recommend that J&J be awarded statutory damages under § 605(e)(3)(C)(i)(II) in the amount of $2,200.

### 2. I recommend that Plaintiff be awarded enhanced damages in the amount of $6,600.

Under 47 U.S.C. § 605(e)(3)(C)(ii), a plaintiff is entitled to enhanced damages up to $100,000 where the court finds that a violation was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." J&J requests the maximum amount of enhanced damages. In *Quattrocche*, Judge Nickerson explained that, in determining whether enhanced damages are warranted, courts have considered several factors: "1) evidence of willfulness; 2) repeated violations over an extended period of time; 3) substantial unlawful monetary gain; 4) advertising the broadcast; and 5) charging an admission fee or charging premiums for food and drinks." 2010 WL 2302353, at *2. The Supreme Court has defined

willfulness as "disregard for the governing statute and an indifference to its requirements." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126 (1985).

Here, Defendant's willfulness is undeniable; its display of the Program was not authorized by J&J, and it is "exceedingly unlikely that Defendant[] could have accidentally and fortuitously received the Program." *Quattrocche*, 2010 WL 2302353, at *3. However, J&J has offered no evidence of Defendant's repeat violations, substantial monetary gains, advertisement of the broadcast, or charging of an admission fee or increased food and drink prices. Thus, J&J's request for maximum enhanced damages is clearly excessive. Nevertheless, some enhanced damages are warranted. "Where there are no allegations of repeat behavior or other factors suggesting egregious willfulness, courts generally award three to five times the statutory damages award in enhanced damages." *Sabor Latino Rest.*, 2014 WL 2964477, at *3. "Here, where the evidence suggests that no admission fee was charged and more than twice the minimum amount of statutory damages will be awarded, the court will multiply the statutory damages amount by a factor of three." *Greene*, 2010 WL 2696672, at *5; *see also Sabor Latino Rest.*, 2014 WL 2964477, at *3 ("Where, as here, the evidence suggests that no admission fee was charged, Judges in this District have typically multiplied the statutory damages by a factor of three to determine enhanced damages."). Accordingly, I recommend that J&J be awarded enhanced damages under § 605(e)(3)(C)(ii) in the amount of $6,600, for a total damages award of $8,800.

### C. Attorneys' Fees

Under 47 U.S.C. § 605(e)(3)(B)(iii), a prevailing plaintiff is entitled to recover "full costs," including "reasonable attorneys' fees." Here, J&J requests attorneys' fees and costs both in its Complaint and its Motion for Default Judgment. [ECF Nos. 1, 8]. However, J&J has

failed to provide the Court with the specific amount it seeks, attorney affidavits, billing records, or any other documentation the Court would need to assess an appropriate award of attorneys' fees. "The party seeking fees bears the burden of proving the reasonableness of the amount sought." *J&J Sports Prods. v. Mumford*, Civil No. DKC-10-2967, 2013 WL 210623, at *2 (citing *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009)). Accordingly, I recommend that J&J's request for attorneys' fees and costs be denied, but that J&J be granted ten days leave to file a new motion for such fees and costs with appropriate supporting documentation.

## IV. CONCLUSION

For the reasons set forth above, I recommend that:

1. The Court GRANT Plaintiff's Motion for Default Judgment [ECF No. 8] as to Count I and DENY Plaintiff's Motion as to Counts II and III;

2. The Court award Plaintiff damages in the amount of $8,800, which is comprised of $2,200 in statutory damages and $6,600 in enhanced damages; and

3. The Court deny Plaintiff's request for attorneys' fees and costs but grant Plaintiff ten (10) days leave to file a new motion for such fees and costs with appropriate supporting documentation.

I also direct the Clerk to mail a copy of this Report and Recommendations to Defendant's resident agent at the address listed in Plaintiff's Complaint. [ECF No. 1]. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: October 24, 2014                                    /s/
                                                    Stephanie A. Gallagher
                                                    United States Magistrate Judge